# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GILBERT, | 1:09cv02050 AWI DLB |
| Plaintiff, | FIRST SCREENING ORDER |
| v. | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND |
| JAMES A. YATES, et al., | |
| | (Doc. 1.) |
| | THIRTY DAY DEADLINE TO FILE |
| Defendants. | FIRST AMENDED COMPLAINT |
| _____ / | |

**I.  RELEVANT PROCEDURAL HISTORY**

Plaintiff Joseph Gilbert ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and is proceeding in forma pauperis with counsel in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 20, 2009. (Doc. 1.) Plaintiff's complaint is now before the court for screening.

**II.  SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

## III.  SUMMARY OF COMPLAINT

Plaintiff, who is currently incarcerated at San Quentin State Prison in Marin County, California, brings this action for violation of his rights to adequate medical care and deliberate indifference to his medical needs. The events at issue occurred in 2007, 2008, and 2009, while Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California. Plaintiff names as defendants James A. Yates (Warden, PVSP), William F. Alvarez, Ph.D. (Health Care Manager, PVSP), and John G. Diep, M.D. (Physician, PVSP) in their individual and official capacities. All named defendants were employed by the CDCR. Plaintiff also names Does 1-20.

Plaintiff alleges as follows: Plaintiff has a history of asthma and related pulmonary conditions. He also has been diagnosed with hepatitis C. When he was incarcerated at PVSP, Plaintiff informed the examining medical staff that he had a history of asthma and had hepatitis C. This information was not noted on his medical history form. In approximately 2007, CDCR instituted a policy whereby inmates with increased susceptibility to valley fever would not be housed at PVSP, and such inmates already housed at PVSP would be transferred to other prisons. Plaintiff claims he has at least one of the conditions listed as criteria for transfer to another prison outside the valley fever pandemic area. In November 2005, Plaintiff began to experience a heavy sensation in his chest, a productive cough, chest pain and other symptoms, which persisted on and off over the next two years. On several occasions, Plaintiff requested examination for valley fever. In November 2007, Plaintiff was tested for valley fever. The test was positive, but Plaintiff was not transferred. In March 2008, when Plaintiff complained of the same problems, PVSP medical staff erroneously

noted that Plaintiff's test was negative. In 2007 and 2008, Plaintiff filled out a number of health care requests to address problems consistent with valley fever. Plaintiff claims that defendants and other PVSP medical staff noted he had asthma and gave him medication for that disease, rather than treat him for valley fever. In July 2008, Plaintiff reported to PVSP medical staff that he was still having adverse respiratory and other problems. An unknown medical staff member reported that Plaintiff did not meet qualification for transfer and discussed the administrative appeal process (a "602" process) with him. On August 4, 2008, Plaintiff was sent to an outside medical facility for a pulmonary function test. The test showed moderate restriction and asthma with possible chronic obstructive pulmonary disease. During a follow-up visit to the PVSP clinic, medical staff told Plaintiff that he would be evaluated for transfer out of PVSP. He was again told that he did not qualify for transfer. On or about, May 29, 2008, Plaintiff filed a 602 to appeal his transfer eligibility. On July 29, 2009, Defendant Diep determined that Plaintiff did not meet the criteria for transfer, opining that Plaintiff had stable asthma. When Plaintiff appealed to the next level of review, Defendant Alvarez determined that the appeal should be partially granted, but did not make a determination regarding Plaintiff's suitability for transfer. In September 2008, Plaintiff underwent an examination to evaluate whether he was eligible for a medical transfer to another prison. He was noted to have asthma and the evaluation report stated that he was not eligible for transfer. In October 2008, Plaintiff tested positive for valley fever. He was started on Diflucan and examined again in November 2008. He had developed pneumonia and his condition was worsening. Plaintiff continued to have follow-up visits with PVSP medical staff through early 2009, but he was not transferred to another prison, even though he met the criteria for transfer. Plaintiff was transferred to San Quentin in the spring of 2009 as a result of another medical review of his condition.

Plaintiff claims that defendants have deprived him of necessary and adequate medical care and have acted with deliberate indifference to such needs in violation of the Fifth, Eighth, Ninth and Fourteenth Amendments. Plaintiff also claims that defendants have failed to establish, implement and adhere to policies, practices and procedures to assure that he received medical care and treatment or that defendants have adopted policies, practices and procedures that were ineffective in delivering

medical treatment. Plaintiff further claims that defendants failed to instruct, supervise and train their employees. Plaintiff requests compensatory and punitive monetary damages and injunctive relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A. Personal Participation By Defendants

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

In this action, Plaintiff has not alleged facts demonstrating that any of the named defendants *personally* acted to violate his rights. Plaintiff complains that he was not afforded appropriate medical care and was not transferred out the valley fever pandemic area. Plaintiff alleges that he continuously complained of symptoms between 2007 and 2009, filed multiple requests for medical care, received treatment for asthma rather than valley fever, and was continuously deemed ineligible

for transfer. However, Plaintiff does not link any of the named defendants with affirmative acts or a failure to act, causing deprivation of his rights. Instead, Plaintiff generally alleges that "defendants" caused deprivations of his rights, but does not attribute specific conduct to a specific named defendant. Plaintiff references defendants Diep and Alvarez in the context of their review of his 602 appeal, but, as is explained more fully below, those allegations are insufficient to state a § 1983 claim. Therefore, Plaintiff fails to state a claim against any of the defendants.

Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the court in this order. In the paragraphs that follow, the court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

**B.     Official Capacity**

Plaintiff may not bring suit against defendants in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003). "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer, 502 U.S. at 25; Suever v. Connell, 579 F.3d 1047, 1060 (9th Cir. 2009).

**C.     Inmate Appeals Process**

Plaintiff alleges that defendants failed to respond properly to his inmate appeal. Defendants' actions in responding to Plaintiff's appeal, alone, cannot give rise to any claims for relief under section 1983.

The Fourteenth Amendment's Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from

the Due Process Clause itself or from state law. Id. Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

As one court explained, "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a 'mere failure to act.'" Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999). Rather, where defendants' "only roles in [a civil rights] action involve the denial of administrative grievances or the failure to act ... they cannot be liable under § 1983." Id.

**D.      Eighth Amendment Medical Care Claim**

Plaintiff alleges that defendants failed to afford him adequate medical care in the treatment of his valley fever. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

(9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need and . . . harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX , 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

### E. Fifth Amendment Claim

Plaintiff claims that defendants violated his rights secured under the Fifth Amendment. However, "the Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Plaintiff's claims relate only to state actors.

### F. Ninth Amendment Claim

Plaintiff alleges a claim for relief for violation of the Ninth Amendment, which provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const., amend. IX. The Ninth Amendment does not provide a basis upon which Plaintiff may impose liability under section 1983 because it does not "independently [secure] any constitutional right . . . ." Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986) (citations omitted); Ramirez v. Butte-Silver Bow County, 298 F.3d 1022, 1029 (9th Cir. 2002) (Ninth Amendment claim properly dismissed because plaintiffs may not "'double up' constitutional claims"), aff'd sub nom. Groh v. Ramirez, 540 U.S. 551 (2004); Schowengerdt v. United States, 944 F.2d 483, 490 (9th Cir. 1991) (Ninth Amendment "not interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation").

### G. Doe Defendants

Plaintiff names as defendants Does 1-20. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for Doe defendants. For service to be successful, the Marshal must be able to identify and locate defendants.

### H. Injunctive Relief

Plaintiff requests injunctive relief. The Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation

of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

## V.    CONCLUSION AND ORDER

The Court finds that Plaintiff's complaint fails to state any claims upon which relief can be granted under section 1983 against any of the defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, the court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)(B). The court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the amended complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within **thirty (30) days** from the date of service of this order;

2.  Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:09cv02050 AWI DLB; and

3.  If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **October 9, 2010**              /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE