# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JOSEPH GILBERT,                                    1:09cv02050 AWI DLB

    Plaintiff,

  v.                                                            FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

JAMES A. YATES, et al.,

(Doc. 14)

    Defendants.

_____/

## I.  RELEVANT PROCEDURAL HISTORY

Plaintiff Joseph Gilbert ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and is proceeding in forma pauperis with counsel in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 20, 2009. (Doc. 1.)

On October 12, 2010, the court screened Plaintiff's complaint, dismissing it with leave to amend. On November 15, 2010, Plaintiff, through counsel, filed a First Amended Complaint ("FAC"). Plaintiff's amended complaint is now before the court for screening.

## II.  SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff, who is currently incarcerated at San Quentin State Prison in Marin County, California, brings this action for violation of his rights to adequate medical care and deliberate indifference to his medical needs. The events at issue occurred in 2007, 2008, and 2009, while Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California. Plaintiff names as defendants James A. Yates (Warden, PVSP), California Department of Corrections and Rehabilitation ("CDCR"), California Prison Health Care Receivership Corporation ("CPHCRC"), William F. Alvarez (physician, PVSP), John G. Diep, M.D. (physician, PVSP), and Dr. Duenas (physician, PVSP). Plaintiff also names Does 1-20.

In the FAC, Plaintiff alleges as follows: Plaintiff has a history of asthma and related pulmonary conditions. He also has been diagnosed with hepatitis C. When he was incarcerated at PVSP, Plaintiff informed the examining medical staff that he had a history of asthma and had hepatitis C. This information was not initially noted on his medical history form, but these conditions were later noted in his medical and inmate records. In approximately November 2007, CDCR instituted a policy whereby inmates with increased susceptibility to valley fever would not be housed at PVSP, and such inmates already housed at PVSP would be transferred to other prisons. Plaintiff claims he has at least one of the conditions listed as criteria for transfer to another prison

outside the valley fever pandemic area.

In November 2005, Plaintiff began to experience a heavy sensation in his chest, a productive cough, chest pain and other symptoms, which persisted on and off over the next two years. On several occasions, Plaintiff requested examination for valley fever. In November 2007, Plaintiff was tested for valley fever. The test was positive, but Plaintiff was not transferred. In March 2008, when Plaintiff complained of the same problems, PVSP medical staff erroneously noted that Plaintiff's test was negative. In 2007 and 2008, Plaintiff filled out a number of health care requests to address problems consistent with valley fever. Plaintiff claims that defendants and other PVSP medical staff noted he had asthma and gave him medication for that disease, rather than treat him for valley fever.

On or about, May 29, 2008, Plaintiff filed a "602" to appeal his transfer eligibility. On July 29, 2008, Defendant Diep determined that Plaintiff did not meet the criteria for transfer, opining that Plaintiff had stable asthma. On August 4, 2008, Plaintiff was sent to an outside medical facility for a pulmonary function test. The test showed moderate restriction and asthma with possible chronic obstructive pulmonary disease. During a follow-up visit to the PVSP clinic, medical staff told Plaintiff that he would be evaluated for transfer out of PVSP. He was again told that he did not qualify for transfer.

In September 2008, when Plaintiff appealed his 602 to the next level of review, Defendant Alvarez refused to order that Plaintiff be transferred.

On or about September 15, 2008, Plaintiff underwent an examination to evaluate whether he was eligible for a medical transfer to another prison. The examiner contacted Dr. Duenas, who refused to approve a transfer. Plaintiff was noted to have asthma and the evaluation report stated that he was not eligible for transfer.

On or about September 19, 2008, Plaintiff appealed Dr. Alvarez's decision to the Director's Level. Defendant Kimura-Yip denied Plaintiff's request for transfer at the Director's Level. In October 2008, Plaintiff tested positive for valley fever. He was started on Diflucan and examined again in November 2008. He had developed pneumonia and his condition was worsening. Plaintiff continued to have follow-up visits with PVSP medical staff through early 2009, but he was not transferred to another prison, even though he met the criteria for transfer. Plaintiff was transferred

to San Quentin in the spring of 2009 as a result of another medical review of his condition.

Plaintiff claims that Defendants Alvarez, Diep, Kimura-Yip, and Duenas knowingly disregarded an excessive risk to Plaintiff's health and failed to respond to his serious medical needs by refusing to order his transfer in violation of the Eighth and Fourteenth Amendments to the Constitution. Plaintiff also claims that Defendant Yates failed to ensure that CDCR's policies were implemented and he refused to order that Plaintiff be transferred to another prison. Plaintiff further alleges that Defendants failed to implement and adhere to policies, practices and procedures to assure that Plaintiff received medical care and treatment or they have adopted policies, practices and procedures that were ineffective in delivering medical treatment. Plaintiff contends that defendants failed to instruct, supervise and train their employees.

Plaintiff also asserts violations of the Americans with Disabilities Act against CDCR and CPHCRC and violations of Section 504 of the Rehabilitation Act against all defendants. Plaintiff requests compensatory and punitive damages and injunctive relief.

## IV.  PLAINTIFF'S CLAIMS

### A.  Eighth Amendment Claims

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998).

#### 1.  Retention at PVSP

Given his medical condition rendering him vulnerable to Valley Fever, Plaintiff alleges that

his continued retention at PVSP violated the Eighth Amendment because the prison is in an area where Valley Fever is endemic and constitutes a substantial risk of harm to Plaintiff. Plaintiff alleges that in failing to transfer him despite his numerous requests and his medical condition, Defendants were acting with deliberate indifference.

Assuming that the risk of contracting Valley Fever is higher at PVSP than in other areas of the state and that the disease is fatal in some cases, the Court declines to find that the prison itself, due to its location, constitutes a substantial risk of harm to inmates. There is no support for such a sweeping proposition and the Court finds that Plaintiff's Eighth Amendment claim arising from the mere fact that he was being housed at PVSP and prison officials would not transfer him is not cognizable under section 1983. E.g., Perkins v. Yates, No. 1:08-cv-01282, 2010 WL 148195, at *3 (E.D.Cal. Jan. 12, 2010); Dorsey v. Tilton, No. 08cv0919-JAH (JMA), 2009 WL 5030642, at *9 (E.D.Cal. Dec. 16, 2009); King v. Avenal State Prison, No. 1:07-cv-01283-AWI-GSA (PC), 2009 WL 546212, at *4 (E.D.Cal. Mar. 4, 2009). The Court recommends that Plaintiff's Eighth Amendment claim that PVSP itself presents a substantial risk of harm to Plaintiff's health and that the failure of prison officials to transfer him violates the Eighth Amendment be dismissed with prejudice. To the extent that Plaintiff suffered from serious medical needs which were not being addressed by prison officials, that claim is addressed in the following section.

**2.    Disregard of Medical Needs**

**a.    Defendant Diep**

Defendant Diep, a physician, reviewed Plaintiff's inmate appeal at the first level of review. Plaintiff was seeking a medical transfer out of PVSP. Defendant Diep denied the request for a transfer on the grounds that Plaintiff had stable asthma. FAC, ¶¶ 25-26.

In general, review of an appeal and the issuance of an adverse decision do not provide a basis for the imposition of liability on the reviewer. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). Further, the existence of an administrative remedy process does not create any substantive rights such that dissatisfaction with the reviewer's findings and rulings supports a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).

Here, there is no support for a finding that Defendant Diep was personally involved in acting with deliberate indifference to Plaintiff's serious medical needs or that Diep knew Plaintiff's constitutional rights were being violated by subordinate staff but failed to prevent the violations. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir.2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir.2007); Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir.2006). Rather, based on his review of Plaintiff's inmate appeal, Diep found Plaintiff was not entitled to a medical transfer. FAC, ¶¶ 9, 25-26. Plaintiff's disagreement with the decision that a medical transfer was not indicated does not support a claim under section 1983, Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981), and Plaintiff fails to state a claim against Defendant Diep, Iqbal at 1949-50; Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).[1]

### b.  Defendant Alvarez

Defendant Alvarez, a physician, reviewed Plaintiff's inmate appeal at the second level of review. FAC, ¶ 8, 27. Defendant Alvarez "refused to order that plaintiff be transferred to another prison." FAC, ¶ 27. As with Defendant Diep, Plaintiff's disagreement with Defendant Alvarez' decision denying him transfer to another prison does not support a claim under section 1983. Franklin, 662 F.2d at 1344.

### c.  Defendant Duenas

Defendant Duenas, a physician, also allegedly refused to approve a transfer of Plaintiff. He received facts regarding Plaintiff's medical condition, including (a) that Plaintiff's pulmonary function test results showed moderate restriction; (b) that Plaintiff had asthma; and (c) that Plaintiff had hepatitis, but concluded that Plaintiff was not eligible for transfer. FAC, ¶ 28. Plaintiff does not allege that Defendant Duenas was involved in denying Plaintiff medical care or that Plaintiff's constitutional rights were being violated by PVSP medical staff. Indeed, Plaintiff complains about the refusal to transfer, not the denial of medical of care. As previously noted, Plaintiff's

---

[1] Plaintiff alleges that Defendant Diep ignored the presence of asthma and hepatitis in Plaintiff's medical history. FAC, ¶ 26. However, in the same paragraph, Plaintiff admits that Defendant Diep based his decision, in part, on Plaintiff's asthma. Furthermore, Plaintiff's request constituted one for a medical transfer, and Diep found that he did not meet the criteria for transfer.

6

disagreement with a determination that he was not eligible for a medical transfer does not support a claim under section 1983.

### d. Defendant Kimura-Yip[2]

Defendant Kimura-Yip reviewed Plaintiff's appeal at the Director's Level, which is the last level of administrative review. Defendant Kimura-Yip denied Plaintiff's request for a transfer. As with Diep and Alvarez, Defendant Kimura-Yip merely reviewed Plaintiff's inmate appeal and found that he was not eligible for transfer. FAC, ¶ 30. Plaintiff's disagreement with the decision that a medical transfer was not indicated does not support a claim under section 1983. Franklin, 662 F.2d at 1344.

### e. Defendant Yates

Defendant Yates, Warden at PVSP, allegedly refused to order Plaintiff's transfer despite knowing of his medical conditions and failed to implement CDCR's policies regarding the transfer of susceptible inmates. FAC, ¶¶ 29, 36.

Under section 1983, Plaintiff must demonstrate that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal at 1948-49. In this instance, the failure to transfer does not constitute a section 1983 violation.

To the extent Plaintiff attempts to hold Defendant Yates liable under section 1983 for the actions of PVSP physicians in reviewing and deciding Plaintiff's appeal, he may not do so, Iqbal at 1948-49, and no other basis for liability is presented, Jett, 439 F.3d at 1098; Taylor, 880 F.2d at 1045. Accordingly, Plaintiff fails to state a claim against Defendant Yates under section 1983.

### f. Doe Defendants 1-20

Doe Defendants 1-20 are medical staff who examined Plaintiff at PVSP. FAC, ¶ 24.

---

[2] The FAC is devoid of allegations identifying Defendant Kimura-Yip's position or background at PVSP. Rather, the caption identifies Defendant Kimura-Yip as Deputy Director, California Prison Health Care Services. Under section 1983, Plaintiff must demonstrate that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal at 1948-49.

7

1 Plaintiff alleges that Does 1-20 violated his constitutional rights by failing to respond to his serious
2 medical needs.  Although Plaintiff claims that defendants denied him medical care, the crux of his
3 complaint is that defendants "purposely failed to respond to [his] serious medical needs by refusing
4 to order that [he] be transferred to another prison."  FAC, ¶ 35.

Plaintiff's disagreement with the medical treatment he received from staff physicians at PVSP, including either their decision that a medical transfer was not necessary or their failure to suggest a medical transfer, does not support a claim under section 1983.  Franklin, 662 F.2d at 1344.  The Court finds that Plaintiff has not alleged facts supporting a claim that Does 1-20 violated his rights under the Eighth Amendment.

Insofar as Plaintiff alleges that defendants failed to afford him adequate medical care in the treatment of his valley fever, this is insufficient to state a claim.  The Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."  Franklin, 662 F.2d at 1344 (internal citation omitted).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240,

242 (9th Cir. 1989). Plaintiff provides no factual support to suggest that he was denied or refused medical treatment or that the course of treatment was medically unacceptable.[3] His mere disagreement with the treatment that he received fails to state a section 1983 claim.

**B.    Americans with Disabilities Act and Rehabilitation Act Claims**

Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794. Title II of the ADA and the RA apply to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

Plaintiff claims a violation of the ADA against CDCR and CPHCRC and a violation of RA against all defendants based on a failure and/or refusal to provide him with appropriate and

---

[3] As noted throughout, Plaintiff's complaint primarily concerns the failure to transfer, not his medical treatment.

immediate medical treatment, including denying him transfer to a prison outside the valley fever endemic area. FAC, ¶¶ 52, 61. The treatment, or lack of treatment, concerning a plaintiff's medical condition does not provide a basis upon which to impose liability under the RA or the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). Accordingly, Plaintiff cannot state claims for violation of the ADA or RA.

### C. **Injunctive Relief**

Plaintiff requests injunctive relief to prevent defendants from denying him necessary medical treatment and care at suitable and adequate facilities. The Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Here, even if Plaintiff prevailed on his claims regarding failure to transfer, he is no longer housed at PVSP and would not be entitled to injunctive relief.

### V. **CONCLUSION AND RECOMMENDATIONS**

Plaintiff's amended complaint does not state any cognizable claims for relief. Plaintiff was previously given leave to amend to cure the deficiencies in his claims, and the Court finds that further leave to amend is not warranted. See 28 U.S.C. § 1915A; cf. Lopez v. Smith, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim). The Court RECOMMENDS that this action be dismissed, with prejudice,

1  for failure to state a claim.

2        These findings and recommendations will be submitted to the Honorable Anthony W. Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    **Dated:**   **December 8, 2010**                **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE